IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REBECCA GEORGE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 1:06-cv-234-DRB |
| | ) |
| ROADWAY EXPRESS, INC.; | ) |
| LIFE INSURANCE COMPANY | ) |
| OF NORTH AMERICA, and | ) |
| CIGNA LIFE INSURANCE COMPANY, | ) |
| | ) |
|     Defendants. | ) |

## LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Life Insurance Company of North America ("LINA"), also improperly named in Plaintiff's Complaint as CIGNA Life Insurance Company, hereby submits its Answer to Plaintiff's Complaint in the above-referenced matter as follows. Unless expressly admitted herein, LINA denies the material allegations of the Complaint and demands strict proof thereof.

In response to the allegations of the introductory and unnumbered paragraph, LINA admits that this action is properly brought pursuant to ERISA. LINA denies the remaining allegations of this paragraph, including the availability of equitable relief, and demands strict proof thereof.

## JURISDICTION

1.    In response to the allegations of paragraph 1 of Plaintiff's Complaint, LINA admits that this Court has jurisdiction pursuant to ERISA, 29 U.S.C. §1001, *et seq.*

2. Upon information and belief, Plaintiff admits the allegations in paragraph 2 of Plaintiff's Complaint.

## THE PARTIES

3. Upon information and belief, Plaintiff admits the allegations in paragraph 3 of Plaintiff's Complaint.

4. LINA admits that it is a properly named party to this action and that it insures and administers the Roadway Express, Inc. Long Term Disability Plan.

5. Upon information and belief, LINA admits the allegations of paragraph 5 of Plaintiff's Complaint.

6. LINA denies the allegations of paragraph 6 and demands strict proof thereof. In further response, LINA states that there is no entity known as CIGNA Life Insurance Company.

## FACTUAL ALLEGATIONS

7. Upon information and belief, LINA admits the allegations of paragraph 7 of Plaintiff's Complaint.

8. Upon information and belief, LINA admits the allegations of paragraph 8 of Plaintiff's Complaint.

9. LINA denies the allegations of paragraph 9 as stated and specifically denies that Plaintiff is disabled as defined by the terms of the policy. LINA denies the remaining allegations in paragraph 9 of Plaintiff's Complaint and demands strict proof thereof.

10. LINA admits that Plaintiff was paid short term and long term disability benefits for a period of time. LINA also admits that her benefits were terminated in December 2003, but paid through January 23, 2004, and that a subsequent appeal of that benefits termination was also

denied. LINA denies the remaining allegations in paragraph 10 of Plaintiff's Complaint and demands strict proof thereof.

11. LINA denies the allegations of paragraph 11 as the allegations state a conclusion of law. By way of further answer, the criteria for determining eligibility for social security disability benefits are judicially recognized as substantially different from the criteria established by most insurance plans. *Pari-Fasano v. ITT Hartford*, 230 F.3d 415 (1st Cir. 2000). Accordingly, evidence of an award of disability benefits by the Social Security Administration has no binding effect on a plan's decision to discontinue benefits. *Id.*; *Whatley v. CNA Ins.*, 189 F.3d 1310 (11th Cir. 1999); *Paramore v. Delta Air Lines*, 129 F.3d 1446 (11th Cir. 1997).

12. LINA denies the allegations in paragraph 12 of Plaintiff's Complaint and demands strict proof thereof.

13. LINA admits the allegations of paragraph 13 of Plaintiff's Complaint.

## COUNT I
## 502(a)(1)(B) CLAIM FOR BENEFITS

14. In response to the allegations of paragraph 14 of Plaintiff's Complaint, LINA reasserts its responses to paragraphs 1 – 13 above and incorporates same as if fully set forth herein, and further incorporates its affirmative defenses in response thereto.

15. LINA denies the allegations in paragraph 15 of Plaintiff's Complaint and demands strict proof thereof.

16. In response to the "Wherefore" clause in paragraph 16 of Plaintiff's Complaint, LINA denies that Plaintiff is due a judgment against Defendants or any other relief sought therein, and further states that Plaintiff's Complaint is due to be dismissed with prejudice.

## COUNT II
## CLAIM FOR DECLARATORY RELIEF

17. In response to the allegations of paragraph 17 of Plaintiff's Complaint, LINA reasserts its responses to paragraphs 1 – 16 above and incorporates same as if fully set forth herein, and further incorporates its affirmative defenses in response thereto.

18. LINA denies the allegations in paragraph 18 of Plaintiff's Complaint and demands strict proof thereof.

19. In response to the "Wherefore" clause in paragraph 19 of Plaintiff's Complaint, LINA denies that Plaintiff is due declaratory relief against Defendants or any other relief sought therein, and further states that Plaintiff's Complaint is due to be dismissed with prejudice.

## COUNT III
## CLAIM FOR INJUNCTIVE RELIEF

20. In response to the allegations of paragraph 20 of Plaintiff's Complaint, LINA reasserts its responses to paragraphs 1 – 19 above and incorporates same as if fully set forth herein, and further incorporates its affirmative defenses in response thereto.

21. LINA denies the allegations in paragraph 21 of Plaintiff's Complaint and demands strict proof thereof.

22. In response to the "Wherefore" clause in paragraph 22 of Plaintiff's Complaint, LINA denies that Plaintiff is due injunctive relief against Defendants or any other relief sought therein, and further states that Plaintiff's Complaint is due to be dismissed with prejudice.

## COUNT IV
## ERISA §502 (a)(3)

23. In response to the allegations of paragraph 23 of Plaintiff's Complaint, LINA reasserts its responses to paragraphs 1 – 22 above and incorporates same as if fully set forth herein, and further incorporates its affirmative defenses in response thereto.

24.  LINA is filing contemporaneously herewith a Motion for Judgment on the Pleadings with respect to Count IV of Plaintiff's Complaint as LINA submits that Plaintiff's claim for relief under §502(a)(3) is due to be dismissed as it is incompatible with Plaintiff's claim for benefits under §502(a)(1)(B).  See Varity Corp. v. Howe, 516 U.S. 489 (1996).  If further response is deemed necessary, LINA denies the allegations of paragraph 24 of Plaintiff's Complaint and demands strict proof thereof.

25.  In response to the "Wherefore" clause in paragraph 25 of Plaintiff's Complaint, and subparts (1) – (4) therein, LINA denies that Plaintiff is due the relief sought or any relief whatsoever, and also submits that this Count of Plaintiff's Complaint should be stricken.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims and demands for relief are preempted and governed by the federal Employee Retirement Income Security Act of 1974 ("ERISA"), pursuant to the provisions of 29 U.S.C. Section 1001, *et seq.*

### SECOND DEFENSE

Any claim for breach of fiduciary duty is incompatible with Plaintiff's request for benefits under the Plan pursuant to Section 502(a)(1)(B) and is due to be dismissed.  *See* Varity Corp. v. Howe, 516 U.S. 489 (1996) and its progeny applying same in the Eleventh Circuit and the Northern District of Alabama.

### THIRD DEFENSE

LINA pleads that the transaction alleged was voluntarily undertaken, that the Plaintiff had the opportunity, if not the obligation, to read all documents presented to or signed by the Plaintiff, that the terms of the Plan were fully disclosed to the Plaintiff, that the Plaintiff

knowingly entered into the transaction, having either understood the transaction or having failed to avail herself of the opportunity to understand the transaction.

### FOURTH DEFENSE

Plaintiff's Complaint is barred by the doctrines of waiver, estoppel and laches.

### FIFTH DEFENSE

Plaintiff is barred from recovery in this action because of her failure to mitigate her alleged damages, if any.

### SIXTH DEFENSE

In further answer, and in the alternative, LINA states that all actions taken were in accord with the Plan provisions, the denial of Plaintiff's claim for benefits was reasonable and neither arbitrary nor capricious, and there was no abuse of discretion in the administration of the Plan with respect to Plaintiff.

### SEVENTH DEFENSE

If Plaintiff recovers benefits under the Plan, such benefits are subject to all of the applicable terms and conditions of the Plan, including offsets for receipt of other income or benefits.  LINA also reserves the right to plead recoupment for benefit overpayments.

### EIGHTH DEFENSE

The causes of action and/or relief sought should be barred and/or precluded by virtue of the express terms and provisions of the employee welfare benefit plan at issue and as Plaintiff is not disabled pursuant to the terms and provisions of the employee welfare benefit plan at issue.

### NINTH DEFENSE

The causes of action and/or relief sought should be barred and/or precluded by virtue of the deferential standard of review which should be afforded to the claim determination.

## TENTH DEFENSE

Plaintiff's claims are barred because LINA discharged its duties in the interest of the Plan participants and, in doing so, acted in accordance with ERISA and the documents and instruments governing the Plan.

## ELEVENTH DEFENSE

Plaintiff is precluded from recovering any of the alleged damages under the terms of the Plan, ERISA, and federal common law.

## TWELFTH DEFENSE

LINA asserts that Plaintiff failed to demonstrate eligibility for benefits under the terms and provisions of the Plan.

## THIRTEENTH DEFENSE

To the extent the facts and circumstances as developed in this matter support such a defense or affirmative defense, Defendant reserves the right to rely on the defense that Plaintiff's claims are barred in whole or part by the Plan's limitations provisions, if any, or the applicable statute of limitations.

## FOURTEENTH DEFENSE

At all times relevant to the above-captioned action, the Plan has been administered pursuant to its terms and in conformity with applicable law.

## FIFTEENTH DEFENSE

The termination of Plaintiff's claim was fair, reasonable, based on substantial evidence, consistent with the terms and intent of the Plan, and within the decision maker's discretion under the terms of the Plan.

## SIXTEENTH DEFENSE

Plaintiff's allegations fail to form the basis for an award of attorney's fees pursuant to 29 U.S.C. §1132(g)(1).

## SEVENTEENTH DEFENSE

Plaintiff would not be entitled under any circumstances to an award of attorney's fees or costs incurred prior to the commencement of this action.

## EIGHTEENTH DEFENSE

LINA reserves the right to assert other defenses and claims when and if they become appropriate during this action. LINA hereby specifically denies any allegations contained in the Complaint which were not expressly admitted.

 

s/ Grace C. Robinson
William B. Wahlheim, Jr.
John David Collins
Grace C. Robinson
Attorneys for Defendant
Life Insurance Company of North America

**OF COUNSEL:**

MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Telephone:  205-254-1000
Facsimile:  205-254-1999

## **CERTIFICATE OF SERVICE**

       I hereby certify that on March 21 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Richard P. Rouco and Ashley L. McDavid and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Joyce Ackerbaum Cox
Rexford H. Stephens
Baker Hostetler, LLP
200 South Orange Avenue
Sun Trust Center, Suite 2300
P.O. Box 112
Orlando, FL 32802-0112

                                                s/ Grace C. Robinson_____
                                                OF COUNSEL