IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REBECCA GEORGE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 1:06-cv-234-DRB |
| | ) |
| ROADWAY EXPRESS, INC.; | ) |
| LIFE INSURANCE COMPANY | ) |
| OF NORTH AMERICA, and | ) |
| CIGNA LIFE INSURANCE COMPANY, | ) |
| | ) |
|     Defendants. | ) |

## LIFE INSURANCE COMPANY OF NORTH AMERICA'S
## MOTION FOR JUDGMENT ON THE PLEADINGS

Life Insurance Company of North America (hereinafter "LINA"), by and through its counsel, hereby moves this Court to enter an Order, pursuant to Fed.R.Civ.P. 12(c), granting it a judgment on Plaintiff's ERISA §502 (a)(3) breach of fiduciary duty claim set forth in Count IV of her Complaint, as that claim is incompatible with Plaintiff's claim for benefits and is foreclosed by the controlling case authority. In support of this motion, LINA states as follows:

    1.    Plaintiff alleges in her Complaint that she was a participant in an employee welfare benefit plan, the Roadway Express, Inc. Group Long Term Disability Plan, as maintained by her former employer. *See* Plaintiff's Complaint at p 2. Plaintiff alleges that LINA breached the terms of the Plan when it terminated her claim for long-term disability benefits. *Id*. at 3.

    2.    Plaintiff's Complaint sets forth four counts for relief based on this alleged conduct. Specifically, Plaintiff sets forth a "§502(a)(1)(B) claim for benefits" in Count I, based

on the alleged wrongful denial of disability benefits, and seeks "damages, actual and compensatory" as well as injunctive relief and attorney's fees. Plaintiff further claims declaratory relief and injunctive relief in Counts II and III, respectively, based on her alleged entitlement to disability benefits. Finally, Plaintiff states a claim pursuant to ERISA §502 (a)(3) in Count IV. The alleged wrongdoing referenced in this Count of failing to provide Plaintiff an adequate claims procedure and rejecting the evidence of disability submitted on her behalf all relate to the ultimate denial of her benefits, the same wrongdoing alleged in Count I. *See* Complaint at p. 6. In the §502(a)(3) claim, however, Plaintiff requests such relief as "enjoining the Defendant from future violations of the terms of the policy as to the Plaintiff's claim". This relief would necessarily result in the paying of benefits, the exact relief sought in both Count I and Count III. *See id.*

3. As indicated above, Plaintiff's Complaint is replete with allegations relating to the denial of her disability benefits and she is <u>expressly</u> seeking payment of those benefits. Although LINA filed an Answer to Plaintiff's Complaint denying that Plaintiff is due any of the requested relief, LINA admits that Plaintiff's Complaint substantively alleges a claim for benefits under §1132(a)(1)(B) (502(a)(1)(B) of ERISA) in Count I.

4. In essence, a claim under §502(a)(1) of ERISA is a breach of contract action for failure to pay benefits due, or to clarify future benefits owed under a benefits plan. As set forth above, Plaintiff specifically requests such relief in her Complaint. Any claim other than for benefits must be asserted under subsections (a)(2) or (a)(3). Section 502(a)(2) furnishes a remedy for breaches of fiduciary duty which generally pertain to the misuse or improper management of plan assets and provides relief only to the plan as a whole, not participants. Section 502(a)(3) provides a basis for relief for all other violations of ERISA or the terms of the

plan, including breaches of fiduciary duty, not encompassed by §502(a)(2). As further addressed below, individual plaintiffs are precluded from bringing breach of fiduciary duty claims for plan benefits where another avenue for relief is available. Plaintiff expressly acknowledges and utilizes these other available and more specific remedial provisions by setting forth her "§502(a)(1)(B) claim for benefits" in Count I.

5.  In *Varity Corp. v. Howe*, 516 U.S. 489 (1996), the United States Supreme Court considered whether benefit plan participants, such as Plaintiff, could rely on §502(a)(3) of ERISA to obtain individual relief for breaches of fiduciary duty. Viewing that section as ERISA's "catch all" provision, the U. S. Supreme Court held that participants and beneficiaries could assert an individual claim for relief under §502(a)(3), but <u>only</u> when no "other appropriate equitable relief" is available under any of ERISA's other civil enforcement provisions. *Varity* at 512. Recognizing that §502(a)(1) specifically provides the avenue for participants to recover benefits due or to enforce rights under the terms of the plan, the Supreme Court admonished lower courts to exercise caution in allowing individuals to rely on the catchall provision of §502(a)(3) when §502(a)(1)(B) provides an adequate claim. *Id.* The Supreme Court wrote as follows:

> We should expect that courts, in fashioning "appropriate" equitable relief, will keep in mind the "special nature and purpose of employee benefit plans," and will respect the "policy choices reflected in the inclusion of certain remedies and the exclusion of others." Thus we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be "appropriate." (Citations omitted)

*Varity*, 516 U.S. at 515.

6.  In the wake of *Varity*, the Eleventh Circuit and other circuit courts have held that ERISA plan participants who can avail themselves of potential remedies authorized by

§502(a)(1)(B) cannot additionally pursue equitable relief under §502(a)(3). *See, e.g., Ogden v. Blue Bell Creameries U.S.A., Inc.,* 348 F.3d 1284 (11th Cir. 2003) (§502(a)(3) claim against plan administrator and employer not viable); *Katz v. Comprehensive Plan of Group Ins.,* 197 F.3d 1084, 1089 (11th Cir. 1999), *reh'g denied,* 209 F.3d 726 (11th Cir. 2000) (claim against plan administrator under §502(a)(3) not viable); *Harrison v. Digital Health Plan,* 183 F.3d 1235, 1237 n.1 (11th Cir. 1999) (§502(a)(3) claim against employer and plan administrator properly dismissed as "duplicative" of claim under 502(a)(1)(B)); *Tolson v. Avondale Industries, Inc.,* 141 F.3d 604, 610 (5th Cir. 1998) (§502(a)(3) claim against the plan and employer not viable); *Wald v. Southwestern Bell Corp. Customcare Medical Plan,* 83 F.3d 1002, 1006 (8th Cir. 1996) (complaint failed to state claim under §502(a)(3) against plan administrator).

      7.     As in this case, the plaintiff in *Katz* brought claims for benefits under §502(a)(1)(B) and for breach of fiduciary duty under §502(a)(3). Mindful of the Supreme Court's pronouncement in *Varity*, the district court initially dismissed the breach of fiduciary duty claim and entered summary judgment against the plaintiff on her claim for benefits. The District Court Order left Mrs. Katz free to pursue her claim for §502(a)(1)(B) benefits. In doing so, the District Court concluded that Mrs. Katz had an adequate remedy in the form of a right to bring a claim for benefits under §502(a)(1)(B) and that the relief sought to redress the fiduciary breach claim of §502(a)(3) was not "substantively different" from the benefits sought under §502(a)(1)(B). *Katz,* 197 F.3d at 1088. The Eleventh Circuit further observed that the availability of an adequate remedy under the law for *Varity* purposes, does not mean, nor does it guarantee, an adjudication in one's favor. *Id.* at 1089. *See also*, *Seales v. Amoco Corp.*, 82 F.Supp. 2d, 1312 (M.D. Ala. 2001) *aff'd by,* 245.F.3d 795, (concluding that plaintiffs' §502(a)(3)

claim for breach of fiduciary duty is not warranted because the plaintiffs have an adequate remedy in the §502(a)(1)(B) claim for benefits).

        8.    On appeal, the Eleventh Circuit in *Katz* affirmed the dismissal of the breach of fiduciary duty claim:

> At the time the…order [dismissing the breach of fiduciary duty claim] was entered, Mrs. Katz had an adequate remedy under §1132(a)(1)(B), a position which she was strenuously asserting in Count I of her complaint. As it later turned out, we know that she did not prevail on the merits of that claim. However, the availability of an adequate remedy under the law for *Varity* purposes, does not mean, nor does it guarantee, an adjudication in one's favor.

*Id.* at 1089.

        9.    The Eleventh Circuit reaffirmed *Katz*, *supra*, in *Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284 (11th Cir. 2003). In *Ogden*, the Eleventh Circuit reversed the district court for permitting a plaintiff to pursue equitable relief under §502(a)(3) where an adequate remedy was available under §502(a)(1)(B). According to the Court in *Ogden*, the fact that the plaintiff's §502(a)(1)(B) claim was <u>barred by the doctrine of res judicta</u> in no way alters this conclusion. *See Ogden*, 348 F.3d 1288.

        10.    The Northern District of Alabama has similarly rejected individual claims for breach of fiduciary duty when another avenue of relief under ERISA provides redress for the alleged wrong, such as §502(a)(1)(B). *Larkin v. Life Ins. Co. of N. Amer.*, 2004 WL 3583102 (N.D. Ala. Mar. 29, 2004). For example, in *Short v. American Cast Iron Pipe Co.*, 961 F.Supp. 261 (N.D. Ala. 1997), the plaintiff filed suit for wrongful denial of benefits and breach of fiduciary duty. The Northern District determined that since §502(a)(1)(B) allowed the plaintiff to recover any benefits due under the plan, that "relief under §502(a)(3) is not appropriate." *Short*, 961 F.Supp. at 266. In the face of overwhelming evidence that he was not entitled to

benefits, the plaintiff voluntarily dismissed his §502(a)(1)(B) claim. Citing *Varity Corp.*, Judge Lynne held that the plaintiff could nevertheless not recover under §502(a)(3)(B). The fact that the plaintiff had voluntarily dismissed his claim for benefits was not enough to qualify him for relief under §502(a)(3). On that basis, Judge Lynne entered summary judgment on the plaintiff's breach of fiduciary claim in favor of defendants on the sole basis that Congress provided plaintiff an adequate remedy in §502(a)(1)(B) and thus recovery under §502(a)(3) was not warranted. *Id.*

11.   *Varity* and its progeny thus instruct that it is the right to seek relief under §502(a)(1)(B), rather than the successful invocation of that right, which bars the pursuit of equitable relief under §502(a)(3). The results and rationale of these decisions apply with equal force here, and address the subject motion squarely, because Plaintiff asserted in her complaint as to LINA a cognizable claim under §502(a)(1)(B), and the relief sought to redress her alleged 502(a)(3) claim is "not substantively different" from benefits sought under §502(a)(1)(B).

12.   In the present case, Plaintiff's claim clearly is one for which an adequate remedy exists under §502(a)(1)(B). Indeed, the purported breaches of fiduciary duty identified in Count IV of Plaintiff's complaint, all relate to the denial of benefits. For instance, Plaintiff alleges that:

> 24.   … Defendants failed to provide the Plaintiff with an adequate claims procedure and/or a full and fair review as required under 29 U.S.C. § 1133. Among other things, the Defendants rejected, failed to consider, or failed to otherwise appropriately evaluate the evidence of disability submitted on behalf of the Plaintiff.

(Complaint, ¶ 24.)

All of these matters may be raised and argued by Plaintiff in the context of her claim for benefits. The fact that Plaintiff has pled her breach of fiduciary duty claim as a claim "in the alternative" does not change this analysis. *See Larkin*, 2004 WL 3583102. Plaintiff has an adequate remedy under §502(a)(1)(B) and she cannot bring a claim for breach of fiduciary duty under §502(a)(3).

Count IV of Plaintiff's complaint should be dismissed.

13. It bears noting that this result is not changed by the Eleventh Circuit's decision in *Jones v. American Gen. Life & Acc. Ins. Co.,* 370 F.3d 1065 (11th Cir. 2004). In *Jones*, the plaintiffs conceded for purposes of pleading their claim under 29 U.S.C. §1132(a)(3) that "they cannot recover under §502(a)(1)(B) because the Plan is unambiguous and precludes vesting of their group life benefit." 370 F.3d at 1071. The court concluded that "[b]ecause [the plaintiffs] concede for purposes of this claim that they are not entitled to the group life benefit under the terms of their plan, [the plaintiffs] 'must rely on [§502(a)(3)] or they have no remedy at all.'" *Id.* at 1074, quoting *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996). In the present case Plaintiff does not plead for purposes of her claim under §1132(a)(3) that she cannot recover benefits under the plan, but instead claims that she <u>can</u> recover under §502(a)(1)(B). *See* Count I of Plaintiff's Complaint.

14. In sum, Plaintiff's claim for breach of fiduciary duty is precluded by the U.S. Supreme Court's opinion in *Varity* and its progeny in this Circuit. The Eleventh Circuit Court of Appeals and the Northern District of Alabama have applied *Varity* to restrict individual relief for alleged breaches of fiduciary duty under ERISA by holding that an employee's right to bring a claim for benefits against an ERISA plan in and of itself provides an adequate remedy and precludes the employee from bringing a claim for breach of fiduciary duty. *See Larkin v. Life Ins. Co. of N. Amer.*, 2004 WL 3583102 (N.D. Ala. Mar. 29, 2004); *Short v. ACIPCO*, 961 F.Supp 261 (N.D. Ala. 1997); *Katz v. Comprehensive Plan of Group Insurance*, 197 F.3d 1084 (11th Cir. 1999). Plaintiff has exercised her right to bring a claim for benefits pursuant to ERISA §502(a)(1)(B) in Count I of her Complaint, thereby precluding her from bringing a claim for breach of fiduciary duty based on the same wrongdoing.

WHEREFORE, PREMISES CONSIDERED, LINA respectfully requests this Court enter a judgment on the pleadings in its favor as to Plaintiff's §502(a)(3) breach of fiduciary duty claim (Count IV) in her Complaint for all the reasons set forth above.

        s/ Grace C. Robinson_____
        William B. Wahlheim, Jr.
        John David Collins
        Grace C. Robinson
        Attorneys for Defendant,
        Life Insurance Company of North America

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
(205) 254-1000

**CERTIFICATE OF SERVICE**

       I hereby certify that on March 21 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Richard P. Rouco and Ashley L. McDavid and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Joyce Ackerbaum Cox
Rexford H. Stephens
Baker Hostetler, LLP
200 South Orange Avenue
Sun Trust Center, Suite 2300
P.O. Box 112
Orlando, FL 32802-0112

                                                s/ Grace C. Robinson_____
                                                OF COUNSEL