FILED

2006 Mar-13 PM 12:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

MAR 16 2006

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

RECEIVED

2006 MAR 16 A 10: 59

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

REBECCA GEORGE,

Plaintiff,

vs.

ROADWAY EXPRESS, INC.; LIFE
INSURANCE COMPANY OF NORTH
AMERICA; and CIGNA LIFE
INSURANCE COMPANY,

Defendants.

Case No. 2:06cv00144-VEH

1: 06 CV 234-WKW

## DEFENDANT ROADWAY EXPRESS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Roadway Express, Inc. ("Roadway"), by and through its attorneys, submits this Answer and Affirmative Defenses to the Complaint of Rebecca George ("Plaintiff"). Regarding the first unnumbered paragraph in the Complaint, Roadway admits that this purports to be an action brought pursuant to ERISA and that it seeks benefits pursuant to the provisions of an employee benefit plan governed by ERISA. It also is admitted that Plaintiff attempts to seek equitable relief, but Roadway denies that equitable relief is a proper remedy in this action. Roadway specifically denies that it is liable to Plaintiff under ERISA or for any reason.

### JURISDICTION

1.      Admitted that this Court has subject matter jurisdiction as alleged, but Roadway denies that 29 U.S.C. § 1132(a)(3) provides the basis for jurisdiction or otherwise states a claim upon which relief can be granted.

2.      Admitted that venue is appropriate in the Middle District of Alabama.

**THE PARTIES**

3.      Upon information and belief, Roadway admits that Plaintiff is a resident of the State of Alabama.  Roadway admits that Houston County is within the Middle District of Alabama, where Plaintiff was employed.

4.      Roadway admits that Defendant Life Insurance Company of America ("LINA") issued Group Policy Number FLK 020174 to Roadway, and the policy provides long term disability ("LTD") insurance to eligible employees of Roadway as part of its Employee Benefit Plan.  The policy is attached hereto as Exhibit "A."

5.      Roadway admits that it is a corporation doing business in Alabama and that Roadway is the plan administrator and the plan sponsor of the Roadway Employee Benefit Plan, which includes LTD insurance.

6.      Roadway denies that CIGNA Insurance Company ("CIGNA") is a proper fiduciary for the LTD policy.

**FACTUAL ALLEGATIONS**

7.      Admitted that Plaintiff was an employee of Roadway in Houston County, Alabama.

8.      Assuming Plaintiff is referring to the Roadway Employee Benefit Plan, Roadway admits Plaintiff was a participant.

9.      Upon information and belief, the assertions in paragraph 9 are denied.  It is not Roadway's role, however, to determine whether Plaintiff is disabled pursuant to the terms of the LTD policy.

10.     Roadway admits that Plaintiff's last day at work for Roadway was in October 1999, and admits that Plaintiff was paid short term disability benefits.  Upon information and

2

belief, Roadway admits that Plaintiff was approved for LTD benefits by LINA in April 2000. Roadway is without sufficient information to form a belief about the truth of the remaining allegations, and, therefore, they are denied.

11.    Roadway is without knowledge regarding Plaintiff's status with the Social Security Administration and, therefore, this assertion is denied.

12.    Roadway denies any assertions in paragraph 12 that are directed towards it. Roadway does not have sufficient information to form a belief about any other assertions in paragraph 12, and, therefore, they are denied.

13.    Roadway is without sufficient information to form a belief about the truth of the assertions in paragraph 13. Roadway was not involved in the administrative review and appeal process for Plaintiff's LTD claim.

**COUNT I**
**502(a)(1)(B) CLAIM FOR BENEFITS**

14.    Roadway realleges and incorporates its responses in paragraphs 1 through 13 above.

15.    Roadway admits that Plaintiff alleges she was eligible for disability benefits and alleges she was wrongfully denied benefits in violation of § 502(a)(1)(B). Roadway also admits that Plaintiff alleges that the named Defendants are jointly and severally liable, but Roadway denies that it is liable under this theory. Roadway further denies that it is liable to Plaintiff under § 502(a)(1)(B) or for any other reason.

16.    Roadway denies that Plaintiff states a claim for damages upon which relief can be granted. Roadway also denies that Plaintiff is entitled to any relief, including, but not limited to, the relief requested in paragraph 16. Roadway specifically denies it is a proper party defendant.

## COUNT II
## CLAIM FOR DECLARATORY RELIEF

17.    Roadway realleges and incorporates its responses in paragraphs 1 through 16 above.

18.    Roadway admits that Plaintiff alleges she is entitled to benefits and purports to be unsure as to her rights and responsibilities. Roadway denies that Count II states a claim upon which relief can be granted and further denies that Plaintiff is entitled to any relief. Roadway specifically denies that it is a proper party defendant.

19.    Roadway denies that Plaintiff is entitled to declaratory judgment and denies that she is entitled to the benefits she has requested.

## COUNT III
## CLAIM FOR INJUNCTIVE RELIEF

20.    Roadway realleges and incorporates its responses in paragraphs 1 through 19 above.

21.    Roadway admits that Plaintiff seeks an order of injunctive relief as stated, but Roadway denies that Count III states a claim upon which relief can be granted.

22.    Roadway denies that Plaintiff is entitled to injunctive relief or any other relief. Roadway specifically denies that it is a proper party defendant.

## COUNT IV
## ERISA § 502(a)(3)

23.    Roadway realleges and incorporates its responses in paragraphs 1 through 22 above.

24.    Roadway admits Plaintiff asserts that Defendants violated § 502(a)(3), which is pled as an alternative remedy. The remaining assertions in paragraph 24 are denied. Roadway specifically denies that Count IV states a claim upon which relief can be granted and denies that

4

Plaintiff is entitled to any relief, including, but not limited to, the relief requested in paragraph 24. Roadway further denies that it is a proper party defendant.

25.    Roadway denies that Plaintiff is entitled to any relief, including, but not limited to, the relief requested in paragraph 25. Roadway further denies that Count IV states a claim upon which relief can be granted.

Roadway specifically denies each and every allegation, averment, and request for relief in the Complaint not specifically admitted in the foregoing paragraphs.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, Roadway asserts the following defenses. The denomination of any matter below as a defense is not an admission that Roadway bears the burden of persuasion, burden of proof, or burden of producing evidence with respect to any such matter. Roadway also is not a proper party defendant, and these affirmative defenses are being pled in the alternative in case the Court does not dismiss Roadway.

### First Affirmative Defense

Some or all of Plaintiff's claims fail to state a cause of action upon which relief can be granted.

### Second Affirmative Defense

To the extent that Plaintiff claims it is Roadway's burden to establish the standard of review, the appropriate standard under the LTD policy is the arbitrary or capricious standard.

### Third Affirmative Defense

To the extent that Plaintiff claims it is Roadway's burden to establish that there is no conflict of interest, there is no conflict of interest.

### Fourth Affirmative Defense

Plaintiff has failed to administratively exhaust her remedies.

5

<u>Fifth Affirmative Defense</u>

Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to mitigate her damages.

<u>Sixth Affirmative Defense</u>

Plaintiff's remedies for any alleged act or omission are limited solely to those offered by ERISA, as Plaintiff's claims are governed by ERISA.

<u>Seventh Affirmative Defense</u>

Roadway has discharged its duties, if any, with respect to its Employee Benefit Plan, in the interest of the Plan participants and their beneficiaries, and in doing so, Roadway acted in accordance with the documents governing the Plan.

<u>Eighth Affirmative Defense</u>

Plaintiff's claims are barred because Roadway's determinations regarding Plaintiff, if any, were not incorrect, arbitrary, capricious, unreasonable, or made in bad faith.

<u>Ninth Affirmative Defense</u>

To the extent Plaintiff asserts claims that are beyond ERISA, those claims are preempted and governed by ERISA.

<u>Tenth Affirmative Defense</u>

Some or all of Plaintiff's claims are barred by the doctrines of waiver, estoppel, and laches.

<u>Eleventh Affirmative Defense</u>

Plaintiff is not entitled to equitable relief because the true nature of Plaintiff's claim is for legal relief.

## Twelfth Affirmative Defense

If Plaintiff recovers benefits under the LTD policy, such benefits are subject to the terms and conditions of the LTD policy, which include the plan definitions and deductible sources of income.

## Thirteenth Affirmative Defense

Roadway reserves the right to raise additional defenses, the basis for which may be learned during the course of these proceedings.

WHEREFORE, Roadway Express, Inc. requests that the Court enter judgment in its favor and award Roadway its attorneys' fees and costs expended in this action, and any other relief that the Court deems appropriate.

Respectfully submitted this 13th day of March, 2006.

> BAKER & HOSTETLER LLP
> SunTrust Center, Suite 2300
> 200 South Orange Avenue
> Post Office Box 112
> Orlando, FL  32802-0112
> Telephone:  (407) 649-4000
> Fax:  (407) 841-0168
>
> Attorneys for Defendant, Roadway Express, Inc.
>
> By:    /s/ Rexford H. Stephens
> Joyce Ackerbaum Cox
> Florida Bar No. 0090451
> jacox@bakerlaw.com
> Rexford H. Stephens
> Florida Bar No. 0150916
> rstephens@bakerlaw.com

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 13, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to the following: Richard P. Rouco, Esquire and Ashley L. McDavid, Esquire, Whatley Drake, LLC, 2323 Second Avenue North, Birmingham, Alabama 35203 (Facsimile: 205-328-9669), and to Grace C. Robinson, Esquire, Maynard, Cooper & Gale, P.C., 2400 AmSouth/Harbert Plaza, 1901 Sixth Avenue North, Birmingham, Alabama 35203-2618 (Facsimile: 205-254-1999).

/s/ Rexford H. Stephens
Rexford H. Stephens

501008273.1