IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| REBECCA GEORGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 1:06-cv-234-WKW |
| LIFE INSURANCE COMPANY | ) | |
| OF NORTH AMERICA, a subsidiary of | ) | |
| Cigna Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

This is an action brought pursuant to the Employee Retirement Income Security Act ("ERISA"). The action seeks benefits pursuant to the provisions of an employee benefit plan governed by ERISA. The action also seeks equitable relief for failing to maintain an adequate claims review process.

## JURISDICTION

1. This Court has subject matter jurisdiction pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*, including 29 U.S.C. § 1132(a)(3) and 1132(e), and 28 U.S.C. § 1331.

2. Venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1391.

## THE PARTIES

3.    The Plaintiff, Rebecca George, is an individual over the age of nineteen (19) and is a resident of the State of Alabama.  She was employed in Houston County, Alabama, which is within this judicial district and division.

4.    Defendant Life Insurance Company of America, a subsidiary of Cigna Corporation, (the "Policy") is a fiduciary and is the Plan Administrator of the disability policy which is part of the Roadway Express, Inc. Group Long Term Disability Plan.

## FACTUAL ALLEGATIONS

5.    Rebecca George was an employee of Roadway Express at its facility in Houston County, Alabama at all relevant times.

6.    During her employment with the Company, George was a participant in the disability policy.

7.    Mrs. George was and is disabled as defined by the terms of the policy.  She suffers from multiple conditions that contribute to her disability. George has been diagnosed with rheumatoid arthritis, osteoarthritis, and fibromyalgia.  She suffers from limited mobility, pain in her feet, knees, ankles and shoulders, fatigue, and a decreased range of motion as a result of

these diagnoses. She has also been diagnosed with diabetes mellitus, hypertension, and depression.

8. In October, 1999, George's disability rendered her unable to work. George received short term disability benefits and long term disability benefits under the policy. Although her condition did not improve, her benefits were terminated in December, 2003. George appealed the termination of benefits in accordance with the administrative procedures provided, but that appeal was denied in September, 2004.

9. George has been determined to be disabled by the Social Security Administration.

10. George alleges, upon information and belief, that the claims fiduciary which made the decision to deny her benefits rejected, failed to consider, or failed to otherwise appropriately evaluate the evidence of disability submitted on her behalf. George also alleges, upon information and belief, that the fiduciary whose duty it was to monitor the claims fiduciary breached a fiduciary duty to monitor the claims fiduciary by allowing the claims fiduciary to reject, fail to consider, or otherwise appropriately evaluate the evidence of disability submitted by or on her behalf.

11.    George has exhausted all administrative remedies available pursuant to the provisions of the policy.

## COUNT I
## 502(a)(1)(B) CLAIM FOR BENEFITS

12.    Plaintiff incorporates the contents of paragraphs 1 through 11 of this complaint as if set forth here in the entirety.

13.    Plaintiff alleges that she was eligible for disability benefits under the applicable policy and that she was wrongfully denied benefits in violation of section 502(a)(1)(B).  Plaintiff alleges that the Defendant is responsible for the wrongful denial of benefits.

14.    WHEREFORE, Plaintiff demands judgment against the Defendant for damages, actual and compensatory, injunctive relief, attorney fees, and such other relief as this Court deems appropriate.

## COUNT II
## CLAIM FOR DECLARATORY RELIEF

15.    Plaintiff incorporates the contents of paragraphs 1 through 14 of this complaint as if set forth here in their entirety.

16.    The Plaintiff, Rebecca George, alleges that she is entitled to benefits pursuant to the provisions of the policy.  Because she is unsure as to her rights and responsibilities, she seeks a declaration from this Court that she is, in fact, entitled to the benefits for long-term disability.

17.    WHEREFORE, the Plaintiff demands declaratory judgment against the Defendant that she is entitled to the benefits requested.

## COUNT III
## CLAIM FOR INJUNCTIVE RELIEF

18.    Plaintiff incorporates the contents of paragraphs 1 through 17 of this complaint as if set forth here in their entirety.

19.    In the event that this Court determines that Plaintiff is, in fact, entitled to the disability benefits sought in this action, Plaintiff further requests an Order of Injunctive Relief, compelling the policy, its Administrator, or its insurer to provide the benefits in accordance with the provisions of the policy.

20.    WHEREFORE, Plaintiff demands injunctive relief against the Defendant as well as any other or further or different relief to which she may be entitled.

## COUNT IV
## ERISA § 502(a)(3)

21.    Plaintiff incorporates the contents of paragraphs 1 through 20 of this complaint as if set forth here in their entirety.

22.    In the alternative, Plaintiff claims that Defendant violated section 502(a)(3) as Defendant failed to provide the Plaintiff with an adequate claims procedure and/or a full and fair review as required under 29

U.S.C § 1133. Among other things, the Defendant rejected, failed to consider, or failed to otherwise appropriately evaluate the evidence of disability submitted on behalf of the Plaintiff. A failure to provide an appropriate claim procedure gives rise to a claim under section 502(a)(3) for appropriate equitable relief, including but not limited to, an order enjoining the Defendant from future violations of section 1133.

23. WHEREFORE, premises considered, the Plaintiff respectfully requests that the Court enter an order (1) enjoining the Defendant from future violations of the terms of the policy as to the Plaintiff's claim, (2) directing the Defendant to adopt a claim and review procedure consistent with the provisions of ERISA, (3) directing the Defendant to pay Plaintiff a reasonable attorney fee plus costs of litigation, and (4) declaring any equitable relief (including injunctive) pursuant to section 502(a)(3) (29 U.S.C. § 1132(a)(3)) that the Court deems appropriate to remedy Defendant's acts or practices that violate the terms of the policy and/or any provision of Title I of ERISA.

Respectfully submitted,


/s/  Ashley L. McDavid_____
Ashley L. McDavid
Attorney for Plaintiff
WHATLEY DRAKE, LLC
2323 Second Avenue North
Birmingham, AL 35203
Tel.:  (205) 328-9576
Fax:  (205) 328-9669

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2006, a copy of the foregoing was served on the following counsel via email court ecf filing:

Grace C Robinson
Maynard, Cooper & Gayle, P.C.
2400 Amsouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203-2618


/s/  Ashley L. McDavid_____
OF COUNSEL