UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| REBECCA GEORGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. |
| LIFE INSURANCE COMPANY | ) | 1:06-cv-234-WKW |
| OF NORTH AMERICA, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S MOTION FOR JUDGMENT ON THE PLEADINGS

The Motion of the Defendant, Life Insurance Company of North America, for Judgment on the Pleadings is to due to be denied because the Plaintiff's claim for prospective relief pursuant to Section 502(a)(3) of the Employee Retirement Income Security Act, "ERISA," (29 U.S.C § 1132(a)(3)) is not inconsistent with Plaintiff's claims for due and accrued benefits pursuant to Section 502(a)(1)(B) of ERISA (29 USC § 1132(a)(1)(B)).

## I.    STATEMENT OF FACTS

### A.    Disputed Facts

1.      Rebecca George ("George") alleges that LINA *breached the fiduciary duty,* not just the terms of the Plan, as provided for in 29 U.S.C. § 1133.  *See ¶ 15 and 24, Plaintiff's Complaint.*

2.      George's claim against the Defendant for failing to maintain a fair claims procedure is not coextensive with her claim for benefits.  Her claim for benefits seeks relief pursuant to 29 U.S.C. § 1132(a)(1), while the claim for injunctive relief seeks prospective relief pursuant to 29 U.S.C. § 1133.  George's claim for equitable relief to compel the Defendant to maintain a full and fair claims procedure is consistent with the purposes of ERISA and does not conflict with a claim for benefits.  *See ¶ 18 and 24, Plaintiff's Complaint.*  George alleges specific relief in her Complaint when she requests that this Court enter an Order "enjoining the Defendants from future violations of the terms of the Plan as to the Plaintiff's claim, directing the Defendants to adopt a claim and review procedure consistent with the provisions of ERISA, and declaring any equitable relief (including injunctive) pursuant to section 503(a)(3) [sic] (29 U.S.C. § 1132(a)(3)) that the Court deems appropriate to remedy Defendants' acts or practices that violate the terms of the Plan and/or any provision of Title I of ERISA."  *See pp. 6-7, Plaintiff's Complaint.*  Her requests under Sections 1132(a)(1) and 1133 are substantially different.

## II.    APPLICABLE LAW

Defendant has moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure, 12(c). Judgment on the pleadings under Rule 12(c) is proper when there are no material facts in dispute and the movant is entitled to judgment as a matter of law. *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir. 1998); *Ortega v. Christian,* 85 F.3d 1521, 1524 (11th Cir. 1996). In reviewing a motion for judgment on the pleadings, the Court must accept the facts in the complaint as true, and view them in the light most favorable to the nonmoving party. *Hawthorne,* 140 F.3d at 1370; *Ortega,* 85 F.3d at 1524. In rendering judgment on the pleadings, the Court should consider the substance of the pleadings and any judicially noticed facts. *Id.* The Court may not enter judgment on the pleadings "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*, (citations omitted).

## III. DISCUSSION

As previously stated, Defendants' Motion for Judgment on the Pleadings is due to be denied because George's claim against the Defendant for failing to maintain a fair claims procedure is not coextensive with her claim for benefits. George's claim for benefits seeks relief pursuant to 29 U.S.C. § 1132(a)(1), while the claim for injunctive relief seeks prospective relief pursuant to 29 U.S.C. § 1133. Additionally, George's claim for equitable relief to compel the Defendant to

maintain a full and fair claims procedure is consistent with the purposes of ERISA and does not conflict with a claim for benefits.

George's Complaint contains four counts. The Defendants' Motion provided to the Court no additional facts other than those alleged in the Plaintiff's Complaint. Accordingly, the Court must accept the facts in the Complaint as true, and view them in the light most favorable to the non-moving party, in this case, the Plaintiff.

George alleges in her Complaint that the Defendant "failed to provide the Plaintiff with an adequate claims procedure and/or a full and fair review as required under 29 U.S.C. § 1133." Section 1133 provides that a plan must afford a method for a full and fair opportunity for review of a denied claim. In 2000, the Department of Labor promulgated regulations relating to the meaning of full and fair which provides substantially more "bite" to the regulations than previously existed. The Defendants have substantive duties pursuant to the provisions of Section 1133, and relief is available under 29 U.S.C. § 1132(a)(3) for violations of those duties.

The Defendant attempts to avoid these obligations by a legal argument which is simply inapplicable to this case. The primary thrust of the Plaintiff's Complaint is *undoubtedly* a claim for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B). The Defendant argues that because the Plaintiff pursues a claim

4

pursuant to Section 1132(a)(1)(B) for benefits, that she cannot simultaneously pursue a claim for breach of fiduciary relief under Section 1132(a)(3) for prospective relief.

The problem with the Defendant's argument is that the remedy sought by the Plaintiff as a result of the Defendant's violations of Section 1133 is not the same remedy which she seeks pursuant to Section 1132(a).  It is not a claim for benefits, it is a claim to establish and maintain a claims review procedure as required by ERISA.   This remedy is appropriate and not duplicative of a benefit claim.

If George is successful on her claim for benefits pursuant to Section 1132(a)(1)(B), she is entitled to the benefits through the date of any judgment that the Court might enter, and to have her monthly disability payments reinstated from that date.  Under the provisions of its Plan, however, the Defendant has the right to review the condition of the Plaintiff after the date of judgment.   If George improves, and reaches a point in her life where she is no longer disabled, the Defendants can terminate her monthly benefits under the Plan.   The Plaintiff's relationship with the Defendant is not resolved by a decision from this Court which restores her benefits, as the Court may not be allowed to award benefits prospectively and her claim is subject to review by the administrator. Consequentially, if, as Plaintiff alleges, the Defendant has failed to maintain a full and fair review procedure in accordance with the provisions of 29 U.S.C. § 1133,

then it is likely that George will be again subject to the same review procedure which had previously failed to provide her with a fair review of her claims. Accordingly, the claim is separate and distinct and the cases relied upon by the Defendant are inapposite.

Indeed, cases such as *Ogden v. Blue Bell Creameries U.S.A., Inc.,* 348 F.3d 1284 (11th Cir. 2003), which the Defendant cites, are simply inapplicable because the alleged fiduciary breach and the claim for benefits were identical. Here, however, the claim for benefits is retroactive, while the claim for relief for breach of fiduciary duty for failing to comply with 29 U.S.C. § 1133 is prospective in nature as it requests that the Defendants adopt a claims review procedure in accordance with the provisions of ERISA. *See also, Jones v. American Gen. Life & Acc. Ins. Co.,* 370 F.3d 1065 (11th Cir. 2004) (plaintiff conceded that he was not entitled to benefits); *Katz v. Comprehensive Plan of Group Ins.,* 197 F.3d 1084 (11th Cir. 1999) (claim for life insurance benefits, no future relationship with defendant contemplated); *Short v. American Cast Iron Pipe Co.,* 961 F. Supp. 261 (N.D. Ala. 1997) (plaintiff voluntarily dismissed claim for benefits).

In *Jones v. American Gen. Life & Acc. Ins. Co.,* 370 F.3d 1065, 1072-73 (11th Cir. 2004), the court held:

> "While Congress did not provide a remedy for breaches of Section 404(a) fiduciary obligations in the specific remedial provisions found in Sections 502(a)(1) and (a)(2), the Supreme Court in *Varity* recognized a cause of action under ERISA's 'catchall'

provision in Section 502(a)(3), which authorizes plan participants and beneficiaries to maintain an action to obtain 'appropriate equitable relief' to redress violations of ERISA or the terms of an ERISA-governed plan. According to the Court 'given [the objectives outlined in §§ 2(b) and 404(a)], it is hard to imagine why Congress would want to immunize breaches of fiduciary obligation that harm individuals by denying injured beneficiaries a remedy."

"...

"In *Katz*, we held that an ERISA plaintiff with an 'adequate remedy' under Section 502(a)(1)(B) could not alternatively plead and proceed under Section 502(a)(3). Our holding in *Katz* was based on our interpretation of a passing comment in *Varity*, where the Supreme Court, *after recognizing the viability of a Section 502(a)(3) class action claim based on a plan administrator's breach of fiduciary duty,* noted, in dicta, that such relief would not always be available. According to the Supreme court in *Varity*, Section 502(a)(3) is a 'catchall' provision that authorizes only 'appropriate' equitable relief, and, thus, 'where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.' In light of this comment in *Varity,* we concluded in *Katz* that a breach of fiduciary duty claim could not constitute 'appropriate' equitable relief within the meaning of Section 502(a)(3) for an injury that could be adequately remedied by a cause of action under Section 502(a)(1)(B).'"

(Internal citations omitted).

Moreover, the Court in *Jones* held that the district court's reading of *Katz* equating "remedy" with "relief" was inconsistent with *Varity* and that "the relevant concern in *Varity,* in considering whether the plaintiffs had stated a claim under Section 502(a)(3), was whether the plaintiffs also had a cause of action, based on the same allegations, under Section 502(a)(1)(B) or ERISA's other more specific

remedial provisions." 370 F.3d at 1073. In *Jones,* the district court "should have considered whether the allegations supporting the Section 502(a)(3) claim were also sufficient to state a cause of action under Section 502(a)(1)(B), regardless of the relief sought, and irrespective of the Appellants' allegations supporting their other claims." *Id.* at 1073-74. Finally, the court held that it could not extend *Katz* to "allow it to effectively eviscerate ERISA's clear mandate that fiduciaries discharge their duties 'solely in the interest of the participants and beneficiaries.'" *Id.*

Accordingly, at this juncture of the case, Defendant simply cannot say that it appears beyond doubt that the Plaintiff cannot prove the set of facts that would entitle her to relief. If the Plaintiff can prove that the Defendants did not provide a full and fair review of her claim, then certainly injunctive relief to compel the Defendant to provide a full and fair review of her claims in the future would be appropriate pursuant to Section 1132(a)(3).

## CONCLUSION

For the reasons stated above, the Motion of the Defendant for Judgment on the Pleadings is due to be denied.

Respectfully Submitted,

8

/s/  Ashley L. McDavid_____
Richard P. Rouco
Ashley L. McDavid
Attorney for Plaintiff
WHATLEY DRAKE, LLC
2323 Second Avenue North
Birmingham, AL 35203
Tel.:  (205) 328-9576
Fax:  (205) 328-9669

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2006, a copy of the foregoing was served on the following counsel via email court ecf filing:

William B. Wahlheim
John David Collins
Grace Robinson Murphy
Maynard, Cooper & Gayle, P.C.
2400 Amsouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203-2618

/s/  Ashley L. McDavid_____
OF COUNSEL