# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| REBECCA GEORGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 1:06-cv-234-DRB |
| | ) |
| LIFE INSURANCE COMPANY | ) |
| OF NORTH AMERICA | ) |
| | ) |
| Defendant. | ) |

## SUBMISSION OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

Life Insurance Company of North America (hereinafter "LINA"), by and through its counsel, hereby submits the following additional authority in support of its pending Motion for Judgment on the Pleadings as to Plaintiff's ERISA §502 (a)(3) claim for fiduciary breach. In support of this supplemental submission, LINA states as follows:

1. A case virtually identical to this one (*Jerry Hackney v. Life Insurance Company of North America, et al.*, CV-06-BE-0021-S) is currently pending in the Northern District of Alabama before Honorable Karen O. Bowdre. Both cases involve the same Plaintiff's counsel, same defendant, same defense counsel, and same allegations.

2. Specifically, the Complaint in *Hackney*, like the Complaint in the instant case, sets forth a §502(a)(1)(B) claim for benefits in Count I, based on the alleged wrongful denial of disability benefits; demands declaratory relief and injunctive relief in Counts II and III, respectively, based on an alleged entitlement to disability benefits; and states a fiduciary breach claim pursuant to ERISA §502(a)(3) in Count IV.

01334472.1

3.      Importantly, on April 21, 2006, Judge Bowdre granted LINA's <u>identical</u> Motion for Judgment on the Pleadings as to Plaintiff's ERISA §502(a)(3) claim for fiduciary breach.[1] In reaching this conclusion, the Court explained:

> The applicable precedent holds that Plaintiff's fiduciary duty claim under §502(a)(3) claim is incompatible with Plaintiff's §502(a)(1)(B) claim for benefits. ERISA §502(a)(3) is a "catch all" provision which the Supreme Court has held allows participants and beneficiaries to assert individual claims for relief, but only when no "other appropriate relief" is available under any of ERISA's other civil enforcement provisions. *Varity Corp. v. Howe*, 516 U.S. 489 (1996). [Plaintiff] has appropriate relief in the §502(a)(1)(B) claim for benefits, the fiduciary duty claim under §502(a)(3) is dismissed.

. . .

> Under Plaintiff's theory, every §502(a)(1)(B) claim for denial of benefits could be accompanied by a §502(a)(3) claim for prospective, equitable relief and such is not the law.

A copy of the Memorandum Opinion and Order recently issued in *Hackney* is attached hereto as Exhibit "A." Judge Bowdre's reasoning is directly applicable here.

For the reasons set forth above, LINA respectfully requests this Court enter a judgment on the pleadings in its favor as to Plaintiff's §502(a)(3) breach of fiduciary duty claim (Count IV) in her Complaint.

s/ John David Collins
William B. Wahlheim, Jr.
John David Collins
Grace C. Robinson

Attorneys for Defendant,
Life Insurance Company of North America

**OF COUNSEL:**

---

[1] Plaintiff's Opposition to LINA's Motion to Dismiss is likewise virtually identical to the opposition submitted in the *Hackney* case.

MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
(205) 254-1000

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 4, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Richard P. Rouco and Ashley L. McDavid.

                                          s/ John David Collins
                                          OF COUNSEL