IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REBECCA GEORGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:06-CV-00234-WKW |
| ) | |
| LIFE INSURANCE COMPANY OF NORTH ) | |
| AMERICA COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on defendant Life Insurance Company of North America's ("LINA") Motion for Judgment on the Pleadings (Doc. # 13) as to Count IV of the complaint.[1] For reasons stated below, the motion is due to be granted.

Plaintiff brings this action as a participant in an employee welfare benefit plan (the "Plan") through her former employer, alleging that LINA breached the terms of the Plan when it terminated her claim for long-term disability benefits. Plaintiff's complaint sets forth claims for benefits under section 502(a)(1)(B) of the Employee Retirement Income Security Program of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), in Count I, and for failing to provide adequate claims procedures and rejecting the evidence of disability submitted on her behalf under ERISA § 502(a)(3) in Count IV. LINA asserts that ERISA § 502(a)(3) is a "catch all" provision of ERISA that can be used only when a plan participant has no other remedy under any of ERISA's other civil enforcement provisions. Because Plaintiff claims wrongful denial of benefits under another provision, ERISA § 502(a)(1)(B), LINA moves for judgment in its favor on Count IV. Plaintiff responds that Count IV is a separate

---

[1] This opinion applies to the First Amended Complaint (Doc. #25), filed solely to substitute LINA into the case as a defendant.

and distinct claim because it is likely George will again be subject to the same claims procedure in the future if she is successful on Count I.

Count IV does not specify how LINA's claims procedure is inadequate or violative of 29 U.S.C. § 1133[2]: "Among other things, the Defendant rejected, failed to consider, or failed to otherwise appropriately evaluate the evidence of disability submitted on behalf of the Plaintiff." (Am. Compl. ¶ 22.)  The "other things" are not specified, nor is any other facet of LINA's review procedure exposed as a violation of ERISA standards. Count IV does indeed seem to mimick Count I, albeit couched in slightly different language.

Judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law.  *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005).  The Court accepts all facts alleged in the complaint as true and views the facts in the light most favorable to the nonmoving party.  *Id.* If it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief, judgment on the pleadings may be entered.  *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998) (citations omitted).

Plaintiff's arguments as to the propriety of Count IV fail for three reasons.  First, Plaintiff has

---

[2] This statute governs claims procedure under ERISA:

In accordance with regulations of the Secretary, every employee benefit plan shall--

(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

(2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133.

an adequate remedy under ERISA § 502(a)(1)(B). The Supreme Court cautioned against allowing participants to rely on the provisions of ERISA § 502(a)(3) when they have an ERISA § 502(a)(1)(B) claim. *See Varity Corp. v. Howe,* 516 U.S. 489, 515 (1996) ("Thus, we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'"). Second, Plaintiff's argument that Count I is retrospective while Count IV seeks prospective relief is unpersuasive. As long as Count I is sufficient to state a cause of action under ERISA § 502(a)(1)(B), the ERISA § 502(a)(3) claim is suspect. *See Jones v. American Gen. Life & Accident Ins. Co.,* 370 F.3d 1065 (11th Cir. 2004) (holding that the *Jones* plaintiffs must rely on ERISA § 502(a)(3) because they have no claim under ERISA § 502(a)(1)(B)). Finally, Plaintiff's claim for prospective relief is speculative. In a factually similar case, the Northern District of Alabama in *Hackney v. Liberty Nat'l Life Ins. Co.*, No. 2:06-cv-00021 (Bowdre, J.), ruled on this point:

> Plaintiff reasons that even if the court is able to restore Plaintiff's benefits up to the point of judgment, the court may not be allowed to award benefits prospectively. The Plaintiff argues that because Defendant failed to maintain a full and fair review procedure in accordance with the provisions of the statute once, the same review process will likely fail to provide the Plaintiff with a fair review of his claim a second time.
>
> Such a claim is not ripe for consideration by the court.

(Mem. Op. 4-5.) *See also Ogden v. Blue Bell Creameries U.S.A., Inc.,* 348 F.3d 1284, 1287-88 (11th Cir. 2003); *Katz v. Comprehensive Plan of Group Ins.,* 197 F.3d 1084, 1089 (11th Cir. 1999).

Because Plaintiff has brought a claim under ERISA § 502(a)(1)(B) in Count I, she is precluded from bringing a claim for breach of fiduciary duty for the same alleged conduct or misconduct under ERISA § 502(a)(3) as framed in Count IV of the complaint. Accordingly, it is

ORDERED that the Motion for Judgment on the Pleadings (Doc. # 13) is GRANTED. Count IV is hereby dismisssed with prejudice.

DONE this 26th day of March, 2007.

                                          /s/   W.  Keith Watkins
                                  UNITED STATES DISTRICT JUDGE